Oscar **FALK** and Leah Falk, his wife,
Plaintiffs

v.

John A. **SABATINE, III**
and
Anthony J. Sabatine, Defendants.

Civ. A. No. 29660.

United States District Court
E. D. Pennsylvania.

Nov. 29, 1961.

Falk and his wife, Leah Falk, citizens of New Jersey for improper venue.

The action arose out of a collision between an automobile operated by the defendant, John A. Sabatine, III and an automobile operated by the plaintiff, Oscar Falk, on March 7, 1960 at 9:00 P.M. The plaintiff, Leah Falk, was a passenger in the automobile operated by the husband-plaintiff. The defendant, John A. Sabatine, III was the agent, servant, workman and employee of the defendant, Anthony J. Sabatine. The sole basis of this Court's jurisdiction is that the matter in controversy exceeds the sum or value of $10,000 and is between citizens of different States. 28 U.S.C.A. § 1332 (a) (1). An action based solely on diversity of citizenship of the parties may be brought only in the judicial district where all the plaintiffs or all the defendants reside. 28 U.S.C.A. § 1391(a). The pleadings indicating to the defendants that the plaintiffs reside in the District of New Jersey and the defendants reside in the Middle District of Pennsylvania, the defendants took the position that under said § 1391(a) the action could only be brought in either of those Districts and since the plaintiffs brought the action here in the Eastern District of Pennsylvania venue is improper and, accordingly, on June 28, 1961, filed the instant motion to dismiss therefor.

For reasons that appear below, we will grant said motion.

On September 1, 1961, plaintiffs' counsel took the oral depositions of the defendant, John A. Sabatine, III, in an attempt to establish that said defendant resided in the Eastern District of Pennsylvania when the complaint was filed on May 24, 1961. Had the attempt been successful venue would have been proper under 28 U.S.C.A. § 1392(a) which permits a plaintiff or plaintiffs where the defendants reside in different districts in the same State to bring the action in any of such districts.

However, plaintiffs' counsel was unsuccessful; but, the setback caused him no great concern. For, he was confident that the Court, if requested, instead of

Avram G. Adler, Philadelphia, Pa., for plaintiffs.

Victor L. Drexel, Philadelphia, Pa., for defendants.

WELSH, Senior Judge.

This is a motion of the defendants, John A. Sabatine, III and Anthony J. Sabatine, citizens of Pennsylvania, to dismiss the action of plaintiffs, Oscar

dismissing the action for improper venue would exercise its discretion under 28 U.S.C.A. § 1406(a) and transfer the action to the Middle District of Pennsylvania where it could have been brought.

But, plaintiffs' counsel found it unnecessary to request the Court to transfer under § 1406(a) because it is his contention that defendants waived venue by virtue of conduct on their part during the pendency of the instant motion.

█ It is well established that § 1391 (a) of Title 28 U.S.C.A. accords to the defendant a personal privilege which can be waived by conduct. Hence, the sole question to be determined by this Court is: Does defendants' conduct, which is outlined below, constitute a waiver of venue? For reasons that appear below we do not think so.

█. On or about August 23, 1961, John A. Sabatine, III and Lenora Sabatine, minors, by their Guardian Anthony J. Sabatine and Anthony J. Sabatine in his own right brought an action in the Court of Common Pleas of Northampton County, Pennsylvania, No. 122, September Term, 1961, hereafter called State action, against Oscar Falk and Leah Falk, individually, and Oscar Falk t/a Food Basket. This State action arose out of the same collision as is involved here and claimed damages in the aggregate sum of $40,250.00.

On September 18, 1961, the Falks had the State action removed to this Court, Civil Action No. 30243. On October 12, 1961, the Falks filed their answer together-er with a counterclaim asserting the identical claim that is asserted in the case at bar. The Sabatines filed no motion to remand.

Defendants waived venue in the first instance, counsel for plaintiffs urges, when for the purpose of rendering it easy for the Falks to remove the State action to this Court the Sabatines pleaded in the State action damages in excess of

the $10,000 jurisdictional limit of Federal Courts in violation of Rule 1044 (c)[1] of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, requiring them to set out whether the amount claimed exceeds or does not exceed $2,000 —the jurisdictional amount requiring arbitration referral by Local Rule of the Court of Common Pleas of Northampton County. Counsel for plaintiffs adds that had the Sabatines complied with Rule 1044(c) the action would not have been removable without further efforts by the Falks to determine the amount in controversy. Finally, said counsel suggests that the Sabatines could have prevented removal of their cause of action by filing suit in the appropriate State Court in New Jersey having jurisdiction of the Falks who live in Phillipsburg, New Jersey.

We are unwilling to subscribe to the charge of plaintiffs' counsel that the Sabatines intended at all times insofar as the State action is concerned to do anything, including the violation of the mandatory provisions of Pennsylvania Civil Rule 1044(c), to facilitate the removal of same to this Court. Rather, we think that the Sabatines were either unaware of Rule 1044(c) or were aware of same but questioned the mandatory requirement thereof and in either event commenced the action in the State Court for bona fide reasons, namely, for convenience and upon advice of counsel, and intended to remain there.

Defendants waived venue in the second instance, counsel for plaintiffs urges, when they failed, at the time the Falks had the State action removed to this Court, to file a motion to remand.

The plain answer to this contention is that the Sabatines may have decided that it would be fruitless to file such a motion in view of the fact that Federal jurisdiction based on diversity of citizenship of the parties and jurisdictional amount seemed to be present.

---

[1]. Rule 1044(c) provides: "In counties which have adopted rules governing compulsory arbitration the plaintiff shall in addition set out whether the amount claimed exceeds or does not exceed the jurisdictional amount requiring arbitration referral by local rule."

In conclusion, therefore, we hold that plaintiffs have failed to meet the venue requirements of § 1391(a) and that defendants have not waived said requirements. As pointed out by plaintiffs' counsel, in the event venue is improper the Court has the discretion not to dismiss therefor but to transfer the action to a district where it could have been brought—in the case at bar to the Middle District of Pennsylvania. Here, however, we will not transfer for the reason that the entire matter is before the Court in Civil Action No. 30243.

### ORDER

AND NOW, in accordance with the foregoing opinion, it is this 29th day of November, 1961, ORDERED that defendants' motion to dismiss for lack of venue jurisdiction is GRANTED.